COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2023**

STATE OF WISCONSIN

Cir. Ct. No. 2004CF2380

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

LAURENCE C. PAINE,

DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before White, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Laurence Paine appeals an order denying his WIS. STAT. § 974.06 (2023-24)[1] motion.  He argues: (1) he is entitled to a new trial based on newly discovered evidence; (2) the State violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959); (3) his postconviction counsel was ineffective; and (4) he is entitled to discretionary reversal in the interest of justice.  We reject his arguments and affirm.

## BACKGROUND

¶2     On April 10, 2004, Janari Saddler and Aaron Harrington were shot and killed in an upstairs unit of a Milwaukee duplex.  The State's case at trial relied primarily on eyewitness testimony from individuals present in the duplex.  There was no DNA evidence linking Paine to the scene.  Paine denied being present and stated that he had been at Club Paradise in Milwaukee earlier that night; however, he was in the middle of a five-hour drive to Minneapolis while the murders occurred.  The first trial ended in a hung jury.  A second jury found Paine guilty of two counts of first-degree intentional homicide.

¶3     Paine filed a postconviction motion alleging ineffective assistance of trial counsel.  The circuit court denied relief without a hearing.  On appeal, this court reversed and remanded for a *Machner*[2] hearing.  *State v. Paine*, No. 2006AP2634-CR, unpublished slip op. (WI App Nov. 6, 2007).  Following that hearing, the circuit court again denied relief.  Paine brought a second appeal,

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

and this court affirmed. *State v. Paine*, No. 2008AP2307-CR, unpublished slip op. (WI App Nov. 24, 2009).

¶4 In 2019, Paine filed another WIS. STAT. § 974.06 motion, alleging newly discovered evidence related to DNA and alternative suspect evidence. The circuit court denied relief, and this court affirmed in *State v. Paine*, No. 2019AP1677, unpublished slip op. (WI App Mar. 16, 2021).

¶5 On March 31, 2023, Paine filed the present postconviction motion. The circuit court held an evidentiary hearing on February 21, 2024, and denied the motion in a written order dated September 16, 2024. This appeal follows.

## DISCUSSION

### I. Newly Discovered Evidence

¶6 Paine argues that he is entitled to a new trial based on three categories of newly discovered evidence: (1) de-multiplexed surveillance footage from Club Paradise;[3] (2) motel room records and related testimony; and (3) evidence concerning an NBA game used to impeach his testimony.

¶7 To obtain a new trial based on newly discovered evidence, a defendant must show that: (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not cumulative. *State v. Avery*, 2013 WI 13, ¶25, 345 Wis. 2d 407, 826 N.W.2d 60. "If the defendant is

---

[3] Paine asserts that the original surveillance footage from Club Paradise was in a "multiplex format," which made it difficult to view. In February 2022, Paine states Milwaukee Police granted his request to "demultiplex" the video footage it had in its possession, using the department's digital resources.

3

able to make this showing, then 'the circuit court must determine whether a reasonable probability exists that a different result would be reached in a trial.'" *Id.* (citation omitted).

¶8    The circuit court assumed, without deciding, that Paine satisfied the four requisite elements for newly discovered evidence, but concluded that he failed to demonstrate a reasonable probability of a different result. We review the evidence Paine now claims constitutes newly discovered evidence.

### A.  Surveillance Footage

¶9    The surveillance footage shows Paine at Club Paradise at approximately 1:44 a.m. The shootings occurred around 4:00 a.m. Even if the footage corroborates Paine's presence at the club, it does not place him elsewhere at the time of the murders.

### B.  Motel Room Evidence

¶10    The motel room evidence relates to Paine's claim that he was in Minnesota later in the morning on the day of the homicides. This evidence, at most, affects the credibility of the State's argument that Paine fabricated aspects of his account. It does not establish that he could not have committed the crimes.

### C.  NBA Game Evidence

¶11    The NBA-related evidence concerns impeachment of Paine's testimony about a basketball game. This is collateral impeachment evidence and does not bear directly on whether Paine was the shooter or present at the time the shootings occurred.

### D. Materiality

¶12    The State's case included eyewitness testimony identifying Paine as the shooter.  Although Paine challenges the credibility of those witnesses and emphasizes the absence of DNA evidence linking him to the scene, the newly discovered evidence does not undermine the core identification testimony.  The evidence does not eliminate opportunity or otherwise create a reasonable probability of a different result.  *See Avery*, 345 Wis. 2d 407, ¶25.  Because we conclude that there is not a reasonable probability a different result would be reached at trial had the jury heard Paine's newly discovered evidence, we reject his argument that he is entitled to a new trial.

### II.    *Brady* and *Napue* Claims

¶13    Paine contends that the State violated his constitutional rights by suppressing favorable evidence.  *See Brady*, 373 U.S. 83.  A *Brady* violation occurs when the State suppresses favorable evidence to the accused.  *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  *See id.*

¶14    The record reflects that the surveillance footage was collected and viewed before trial, and Paine was aware of its existence.  Although Paine argues that the footage required specialized equipment to interpret, the State did not conceal the existence of the recording.  The fact that the footage may have been difficult to interpret does not establish suppression where the defense knew of the evidence and had the opportunity to pursue it.  Moreover, Paine has not demonstrated prejudice.  As explained above, the footage does not place him

elsewhere at the time of the murders and therefore does not create a reasonable probability of a different outcome. Without such a showing, Paine's ***Brady*** claim fails.

¶15 Paine also contends that the State violated his constitutional rights by presenting false testimony. *See **Napue***, 360 U.S. 264,. 269. To establish a ***Napue*** violation, a defendant must show that the State knowingly presented false testimony and show that the testimony was material. *See **id.*** at 265, 269 (holding that a conviction knowingly obtained through the use of false evidence violates the Fourteenth Amendment's Due Process Clause); *see also **Glossip v. Oklahoma***, 604 U.S. 226, 246 (2025).

¶16 Paine argues that Detective Katherine Hein's testimony at trial about the surveillance footage from Club Paradise left the impression that no evidence corroborated his account of where he had been earlier the evening of the murders. He contends that the surveillance video from the club, which has now been rendered viewable through a technical process, shows that he was at the club and thus is corroborative of his credibility.

¶17 We reject this argument. Detective Hein did not testify at trial about what she saw on the surveillance footage from Club Paradise. She simply acknowledged in response to questioning that Club Paradise had surveillance footage. She said nothing about what was on the footage. Therefore, Paine has not shown that the prosecution knowingly presented false testimony or left the impression that Paine was untruthful about his movements earlier the evening of the murders.

### III. Ineffective Assistance of Postconviction Counsel

¶18  Paine contends that postconviction counsel was ineffective for failing to discover and present the evidence at issue.  To prevail, Paine must show deficient performance and prejudice.  *See **Strickland v. Washington***, 466 U.S. 668, 687 (1984).  Paine's argument fails because he cannot demonstrate prejudice. As discussed above, the evidence he identifies does not create a reasonable probability of a different result at trial.  Therefore, counsel's failure to raise or develop these arguments does not undermine our confidence in the outcome. Paine has not established that he received ineffective assistance of postconviction counsel.

### IV. Interest of Justice

¶19  Paine requests discretionary reversal in the interest of justice.  *See* WIS. STAT. § 752.35; ***Avery***, 345 Wis. 2d 407, ¶38.  This authority is exercised sparingly.  The record reflects that the jury heard competing accounts and assessed witness credibility.  The real controversy—whether Paine was the shooter—was fully tried.  We are not persuaded that this is the exceptional case warranting discretionary reversal.

### CONCLUSION

¶20  The circuit court properly exercised its discretion in denying Paine's postconviction motion.  He has not demonstrated entitlement to relief based on newly discovered evidence, constitutional violations, ineffective assistance, or discretionary reversal.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.